**TRUMP MARINA ASSOCIATES, LLC,**
doing business as Trump Marina
Hotel and Casino, Petitioner

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent**

International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, AFL–CIO, Intervenor.

Nos. 10–1317, 10–1323.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 14, 2011.

Theodore M. Eisenberg, Esquire, Brian A. Caufield, Esquire, Fox Rothschild LLP, Roseland, NJ, for Petitioner.

Linda Dreeben, Deputy Associate General Counsel, Usha Dheenan, John H. Ferguson, Associate General Counsel, Greg

Paul Lauro, National Labor Relations Board, Washington, DC, for Respondent.

Cassie Rachel Ehrenberg, Esquire, Cleary & Josem, LLP, Philadelphia, PA, Blair Katherine Simmons, International Union, UAW, Detroit, MI, for Intervenor.

Before: SENTELLE, Chief Judge, ROGERS, and GRIFFITH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This petition for review was considered on the record, briefs, and oral arguments of the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* FED. R.APP. P. 36; D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that (1) the petition for review be denied with respect to Petitioner's claims under sections 8(a)(1) and 8(a)(3) of the National Labor Relations Act (NLRA), 29 U.S.C. §§ 151–169 (2006); (2) the petition for review be dismissed with respect to Petitioner's challenge to the National Labor Relations Board's order granting a second election for lack of jurisdiction; and (3) the cross-application for enforcement be granted.

On May 11, 2007, a union representation election was held at the Atlantic City, New Jersey, casino of Trump Marina Associates, LLC (Trump Marina). The election followed a fiercely contested thirty-day campaign period and resulted in a narrow vote against representation by the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, AFL–CIO (the Union). The Union filed unfair labor practice charges and objections to the election, alleging that management had violated the NLRA by engaging in conversations with employees that interfered with their protected rights and by suspending from work a union activist employee in retaliation for his engaging in protected activity. A two-member panel of the Board affirmed, with modifications, the decision of an administrative law judge finding violations of sections 8(a)(1) and 8(a)(3) of the NLRA. After a petition for review was filed, but in view of *New Process Steel, L.P. v. NLRB,* —— U.S. ——, 130 S.Ct. 2635, 177 L.Ed.2d 162 (2010), the case was remanded to the Board. On September 30, 2010, a three-member panel adopted, with minor modifications, the decision of the two-member panel. Trump Marina filed a petition for review, and the Board filed a cross-application for enforcement.

Board factual determinations are conclusive if they are "supported by substantial evidence on the record considered as a whole." *NLRB v. Brown,* 380 U.S. 278, 291, 85 S.Ct. 980, 13 L.Ed.2d 839 (1965). We adopt the Board's witness credibility determinations unless they are "hopelessly incredible" or "self-contradictory." *Teamsters Local Union No. 171 v. NLRB,* 863 F.2d 946, 953 (D.C.Cir.1988) (quoting *Conair Corp. v. NLRB,* 721 F.2d 1355, 1368 (D.C.Cir.1983)). Each of the contested Board conclusions from the September 30, 2010, order withstands this standard of review.

■ NLRA section 8(a)(1) makes it unlawful for employers to "interfere with, restrain, or coerce employees" in the exercise of their rights guaranteed by the Act. 29 U.S.C. § 158(a)(1). The appropriate inquiry under this section is whether, under the totality of the circumstances, the employer's conduct had a "tendency to coerce," not whether that conduct actually coerced the employee in question. *Avecor, Inc. v. NLRB,* 931 F.2d 924, 932 (D.C.Cir. 1991). The Board appropriately consid-

ered the context and content of five conversations between employees and casino managers during the campaign period. Its determination that each conversation had a tendency to coerce was supported by substantial evidence on the record considered as a whole.

First, although the conversations between Rieck and Sych and Edwards and Salvey were brief and relatively informal, the record contains sufficient evidence to justify the Board's conclusion that, under the totality of the circumstances, they constituted direct attempts by supervisors to elicit or influence employees' views about the Union and were thus coercive. Second, the Board properly concluded that shift manager Julian's comments to employees about being unable to handle shift preferences or correct scheduling errors in the same way after a union victory were not simply statements about the nature of the employer-employee relationship in a union shop, but were threats to change company practice if employees exercised their right to vote for the Union. *See, e.g., Sw. Reg'l Joint Bd. v. N.L.R.B.*, 441 F.2d 1027, 1031–32 (D.C.Cir.1970). Third, because supervisor Mangione's speculation about layoffs was not based on objective fact and did not reflect his belief in demonstrably probable consequences outside Trump Marina's control, the Board correctly determined that it was an unlawful threat. *See NLRB v. Gissel Packing Co.*, 395 U.S. 575, 618, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969). Lastly, the record supports the Board's conclusion that floor supervisor Ferrare's comments to Spina that management would not negotiate violated section 8(a)(1) by conveying a message that voting for the Union would be futile. *See, e.g., Federated Logistics & Operations v. N.L.R.B.*, 400 F.3d 920, 924–25 (D.C.Cir.2005).

■ Section 8(a)(3) protects employees against "discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization." 29 U.S.C. § 158(a)(3). The Board's conclusion that Trump Marina violated this section by disciplining a union activist employee in retaliation for engaging in protected activity was also supported by substantial evidence on the record as a whole. The weight of evidence in Trump Marina's investigation supported Spina, the employee, and the record supports the Board's determination that the main witness against him was not credible. The Board thus properly concluded that Trump Marina's proffered, nondiscriminatory explanation for the suspension was mere pretext.

■ Finally, although Trump Marina also petitioned us to set aside the Board's decision to order a second election, we lack jurisdiction to review this claim. A Board order to hold another election is not a "final order" and thus "judicial review is not yet available under the [NLRA]." *Mid–Mountain Foods, Inc. v. NLRB*, 269 F.3d 1075, 1076 (D.C.Cir.2001).

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. See FED. R.APP. P. 41(b); D.C.CIR. R. 41(a)(1).